*In re* BARNES' ESTATE.

WORLD'S GOSPEL UNION *v.* JOHNSON.

WILLS—ESTATES OF DECEDENTS—ADEMPTION OF LEGACIES.
> After the execution of a will by which real estate was devised, it became necessary to sell the property for the support of the testatrix who became incompetent. At her death a portion of the proceeds remained. *Held,* that the devisees should take the residue under the will as if no sale had been made. 3 Comp. Laws, §§ 8719, 9141, 9145.

Error to Benzie; Lamb, J. Submitted April 7, 1910. (Docket No. 16.) Decided July 14, 1910.

William J. Pettitt presented his final account as executor of the last will and testament of Mary P. Barnes, deceased. The account was allowed in the probate court, and an order of distribution entered. Henry N. Johnson, an heir at law, appealed to the circuit court. A judgment holding that said will had been revoked by a sale of the devised property is reviewed by the World's Gospel Union, a devisee under said will, on writ of error. Reversed, and the order of the probate court affirmed.

*Parm C. Gilbert,* for appellant.

*D. G. F. Warner,* for appellee.

MOORE, J. Mary P. Barnes made a will by which she devised to the World's Gospel Union certain real estate. Later she made a codicil by which she gave certain of her property to George S. Fisher, in trust for the Gospel Missionary Union. As the terms of the codicil have been met they do not require consideration in this case. Later Mrs. Barnes became incompetent, and the probate court appointed Thomas Pettitt as the guardian of her person and

estate.   He sold the lands that were devised to the World's Gospel Union, and used a part of the proceeds for her support.   Mary P. Barnes died later, and the will in question was probated, and the money in the hands of her guardian was turned over to the executor and is a part of her estate.   The probate court allowed the World's Gospel Union the residue of the proceeds of the sale of the land that had been devised to it.   Henry N. Johnson, a brother and an heir at law of deceased, appealed therefrom to the circuit court, and the circuit court found that the World's Gospel Union was not entitled to any of the money; that the sale of the land revoked the will; and from said decision the World's Gospel Union have appealed.

Defendant and appellee contends:

(1) That by the terms of the will of Mary P. Barnes the devise to the World's Gospel Union is a specific devise.

(2) That by the transfer of the property specifically devised to the said the World's Gospel Union prior to the death of the said Mary P. Barnes and the conversion of the same into money, it would be an ademption of the same.

(3) That the acts of the guardian of Mary P. Barnes were her acts in law.

We cannot agree with these contentions or with the conclusion reached by the trial judge, because of certain statutory provisions.   When the will was made Mrs. Barnes was the owner of the land described in the will. The will was never in fact revoked.   It was afterwards probated.   The sale of the lands was brought about because Mrs. Barnes became insane, and it was deemed necessary to appoint a guardian and sell the land for her maintenance.   Section 8719, 3 Comp. Laws, provides for the management of estates of wards and for the sale of real estate when the conditions stated in the statute arise. Section 9141, 3 Comp. Laws, provides that when the income of the estate of any person under guardianship is not sufficient to maintain the ward the guardian may sell his

real estate upon obtaining a license to do so.  Section 9143, 3 Comp. Laws, provides for the application of the proceeds of the sale for the support of the ward, etc.

Section 9145 reads as follows:

"SEC. 5. In every case of the sale of real estate, as provided in this chapter, the residue of the proceeds, if any, remaining upon the final settlement of the accounts of the guardianship, shall be considered as real estate of the ward, and shall be disposed of among the same persons, and in the same proportions as the real estate would have been, if it had not been sold."

It is clear that, if the real estate described in the will had not been sold, the terms of the will would have governed.   We think it equally clear that, as it was sold, but the proceeds were not all used, the residue should be considered as real estate and be disposed of the same as though no sale had been made.

Judgment is reversed, and the division of the residue as made by the probate court may stand.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.